UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GEORGE BROWN, JR., )
)
    Plaintiff, )
)
v. ) No. 1:06-CV-192-FRB
)
PEMISCOT COUNTY JAIL, et al., )
)
    Defendants. )

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court for review of plaintiff's amended complaint [Doc. #6] under 28 U.S.C. § 1915(e)(2)(B).[1]

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would

---

[1] On January 11, 2007, this Court granted plaintiff thirty days to file an amended complaint and to set forth as to each named defendant the specific factual allegations supporting his claim. Plaintiff timely filed his amended complaint on February 12, 2007.

entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The amended complaint**

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Pemiscot County Jail, Bob Simmons ("jail administrator"), and Danny Dodson ("head of medical department").

Having carefully reviewed the amended complaint, the Court concludes that plaintiff's claims against defendants Bob Simmons and Danny Dodson regarding the violation of his Eighth Amendment rights survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed as this time. Therefore, the Court will order that defendants Bob Simmons and Danny Dodson reply to the amended complaint.

The amended complaint is legally frivolous as to defendant Pemiscot County Jail, because Pemiscot County Jail is not a suable entity. *See Lair v. Norris*,

No. 01-3738, slip op. (8th Cir. Apr. 3, 2002); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint as to defendant Pemiscot County Jail, because the claims against it are legally frivolous and/or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Bob Simmons and Danny Dodson, the Clerk shall issue process or cause process to issue upon the amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Bob Simmons and Danny Dodson shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 14th day of February, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE