## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

GEORGE BROWN, JR.,            )
                                  )
        Plaintiff,           )
                                  )
     v.                     )         No. 1:06CV192 FRB
                                  )
PEMISCOT COUNTY JAIL, et al.,  )
                                  )
        Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. Plaintiff, a prisoner, was granted leave to file this case in forma pauperis on January 11, 2007. At that time, the Court was aware of two previous cases brought by plaintiff while he was incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted: Brown v. Schneider, 4:00CV1821 LOD (E.D. Mo. 2001); Brown v. Copeland, 1:02CV41 LMB (E.D. Mo. 2002). It has since come to the Court's attention that Brown previously filed a lawsuit in the Western District of Missouri that was dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted: Brown v. Missouri Board of Probation and Parole, 2:03CV4113 NKL (W.D. Mo. 2003).

Twenty-eight U.S.C. § 1915(g) is known as the Prisoner Litigation Reform Act's "three-strikes" provision. Under § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed *on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Because plaintiff has three strikes pursuant to § 1915(g), he may not proceed in forma pauperis in this case unless he is in imminent danger of serious physical injury. Plaintiff's allegations do not rise to this level. As a result, the Court will vacate its Order dated January 11, 2007, to the extent that it granted plaintiff's motion to proceed in forma pauperis. Plaintiff's in forma pauperis status is revoked. Plaintiff must pay the $350 filing fee within 30 days of the date of this Order. Failure to timely pay the filing fee will result in the dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED** that this Court's Order dated January 11, 2007, is **VACATED** to the extent that it granted plaintiff's motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that plaintiff's in forma pauperis status is **REVOKED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay the entire $350 filing fee within 30 days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the filing fee as ordered, this action will be dismissed.

Dated this 29th Day of August, 2007.

FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE